**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**BOARDS OF TRUSTEES OF THE OHIO
LABORERS FRINGE BENEFIT PROGRAMS,**
*et al.*,

        **Plaintiffs,**

  vs.                            **Civil Action 2:04-CV-638
Magistrate Judge King**

**TNS, INC.,** *et al.*,

        **Defendants.**

## OPINION AND ORDER

Plaintiffs bring this action pursuant to §301 of the Labor-Management Relations Act of 1947, 29 U.S.C. §185, and §502 of the Employees Retirement Income Security Act of 1972, 29 U.S.C. §1132 *et seq.*, seeking relief in connection with defendants' alleged failures to pay amounts due certain employee benefits plans and make required reports.  Named as defendants are TNS, Inc. and Tad N. Sandberg, its controlling officer and sole shareholder.  The parties consented to the jurisdiction of the Magistrate Judge pursuant to 28 U.S.C. §636(c).

On April 28, 2005, this Court granted plaintiffs' motions for summary judgment and awarded damages, attorney's fees, costs and interest. *Opinion and Order,* Doc. No. 18.  Moreover, the Court ordered defendants

> to timely submit monthly reports and contribution payments from the funds of defendant TNS, Inc. for all work performed by employees in the trade jurisdiction of "laborer" as provided in the collective bargaining agreement entered into by the defendants and the Union and any extensions thereof.

*Id.,* at p. 10.  Final judgment was entered on April 29, 2005. *Judgment,*

Doc. No. 19.

Defendants' non-compliance with that judgment and the subsequent orders of this Court has been a persistent problem. On June 24, 2005, plaintiffs filed a motion for an order to show cause why defendants should not be held in contempt. Doc. No. 21. A hearing was scheduled on that motion but, prior to that hearing, the Court entered an order of contempt, agreed to by all parties, in which defendants conceded their failure to timely report and pay fringe benefit contributions as ordered by the Court, although the parties agreed that defendants had since "purged themselves of such contempt." *Agreed Order of Contempt,* Doc. No. 26. On December 28, 2006, plaintiffs again filed a motion for an order to show cause why defendants should not be held in contempt for failure to timely pay fringe benefit contributions from November 2005 through November 2006. Doc. No. 27. That motion invoked, *inter alia,* 18 U.S.C. §401, which addresses criminal contempt.[1] A contempt hearing was scheduled, *see Order,* Doc. No. 31. On May 11, 2007, the Court entered yet another agreed order of contempt, by which defendants conceded "contempt of court for their continued failure to timely submit reports and pay fringe benefit contributions to the

---

[1]Section 401 provides, in pertinent part:

> A court of the United States shall have the power to punish by fine or imprisonment, at its discretion, such contempt of its authority, and none other, as --
>
> \*\*\*
>
> (3) Disobedience or resistance to its lawful writ, process, order, rule, decree or command.

Criminal contempt must be prosecuted only by appropriate prosecuting authorities. *See, e.g.,* F.R. Crim. P. 42(a)(2). *See United States v. Jeter,* 775 F.2d 670, 685 (6th Cir. 1985).

Plaintiffs." Doc. No. 32.  Significantly, that agreed order of contempt also purported to sentence defendant Tad Sandberg

> to ten days' imprisonment suspended upon the following conditions:
>
> 1. Timely reporting and payment of fringe benefit contributions to the Plaintiffs from the date of this order;
>
> 2. Defendant and Tad Sandberg shall, on or before the 15th day of each month, report to the Plaintiffs the hours worked by each laborer and Defendant's employee, and identify the specific project upon which such hours were worked, including the name and address of the owner and general contractor, if any, for whom the Defendant may have been performing work.
>
> Failure to meet any of these conditions will result in enforcement of the term of imprisonment, provided Tad Sandberg shall be entitled to notice and hearing prior to such enforcement.

*Id*.  That agreed order of contempt also awarded plaintiff additional monetary damages.  *Id.*

Slightly more than three (3) months later -- on August 24, 2007 -- plaintiffs filed yet another motion to show cause why defendants should not be held in contempt and for the imposition of the ten-day term of imprisonment upon Tad Sandberg. Doc. No. 35.  Plaintiffs specifically alleged that defendants continued to fail to timely report and pay fringe benefit contributions and to comply with the May 11, 2007, agreed order of contempt.  Plaintiffs asked that the Court grant further judgment for the balance of additional contributions, liquidated damages and interest owed through July 2007.  Finally, plaintiffs asked that a receiver be appointed over defendant's business to assure future compliance.  *Id.*

The Court scheduled an evidentiary hearing on that motion and specifically directed the personal appearance of defendant Tad N.

3

Sandberg, advising that his failure to personally appear "will result in the issuance of a warrant for his arrest." *Order,* Doc. No. 36. On the date of that hearing, neither defendant nor their counsel appeared. *See Minutes,* Doc. No. 37. Following a telephone conference between counsel, it was agreed that defendants would comply with the Court's previous order by December 18, 2007. *Id. Order,* Doc. No. 38. The Court specified the conditions under which, it was agreed, defendants could purge themselves of contempt. *Id.*

Defendants partially satisfied those conditions, *see Plaintiffs' Status Report,* Doc. No. 39, and the Court thereafter entered yet another *Agreed Order of Judgment of Contempt*. Doc. No. 42. That order directed defendants to "assign accounts receivable from the Bostleman Corp., Lathrop Company and Old Granite Development Corp. to the Plaintiffs to secure the amounts owed to date, including a prior judgment, the balance of which is $6,957.84 as of the date of this order." Doc. No. 42. Defendants further agreed to make "no expenditures of company funds unless and until this judgment is satisfied and the current fringe benefits owed to Plaintiffs are paid when due, excepting expenditures for current payroll, and payroll withholding taxes, or as may be agreed by the parties." *Id.*

Less than one month later, plaintiffs filed yet another motion for an order to show cause why defendants should not be held in contempt and for the imposition of the previously imposed 10-day term of imprisonment as against defendant Tad Sandberg. Doc. No. 43. The Court scheduled an evidentiary hearing, following a status conference with all parties, to be held on June 6, 2008. *Order,* Doc. No. 47. No appearance was made by either defendant or their counsel.

Cynthia L. Zeller, the Ohio Laborers' Fringe Benefits Programs Contractor Relations Manager, testified that defendant TNS, Inc., has made no payment toward its fringe benefit contributions for the period November 2007 through April 2008.

Plaintiffs' Exhibit I indicates that defendants owe $9,266.46 in connection with that period, *Plaintiffs' Exhibit I,* p.2.  Moreover, defendants' ledgers, *Plaintiffs' Exhibits A-H,* reflect substantial income to defendant TNS, Inc., from January 2, 2008, through April 29, 2008, as well as substantial payments to various creditors.  It does not appear that any of those payments have been made to the Ohio Laborers' Funds in satisfaction of the judgments entered against the defendants and consistent with this Court's previous orders.

Also admitted at the contempt hearing is a photocopy of an assignment by defendant TNS, Inc., executed on January 16, 2008, through Tad N. Sandberg, by which TNS, Inc., assigned to the Ohio Laborers' Fringe Benefit Programs its interest in moneys owed to TNS, Inc., by Bostleman Corp. ["Bostleman"], not to exceed $40,615.58.  *Plaintiffs' Exhibit G.*  Defendants' own ledgers, *Plaintiffs' Exhibit A,* reflect that, on January 28, 2008, TNS, Inc., received a check from Bostleman in the amount of $18,378.41.  *Id.,* at p.3.  The proceeds of those funds were not paid to the plaintiffs as required by the assignment.  Defendants' ledgers indicate that that sum of money -- and a great deal more -- was paid to various creditors over the course of the next few days.  Plaintiffs were not among those payees and it does not appear that all the expenditures related to "current payroll and payroll withholding taxes, or as may be agreed by the parties."  *Agreed Order of Judgment and*

5

*Contempt,* Doc. No. 42.[2]

Plaintiffs have also documented attorney's fees of $5,070.00 in connection with the current contempt motion, that amount reflecting 26 hours of work calculated at $195.00 per hour. *Plaintiffs' Affidavit and Statement of Attorney's Fees*.

The uncontroverted evidence establishes that defendants have failed to comply with the express and explicit directives and orders of this Court. They have failed to make payments in satisfaction of their monetary obligations to the plaintiffs and the funds, and they have expressly violated the requirement that the company make "no expenditure of company funds unless and until the judgment is satisfied and the current fringe benefits owed to the plaintiffs are paid. ..." *Agreed Order of Judgment and Contempt,* Doc. No. 42. It appears that the defendants are in fact in contempt of this Court's orders.

Plaintiffs ask that they be awarded judgment for additional amounts due and owing for the months November 2007 through April 2008, totaling $9,266.46. The evidence justifies that relief and it is therefore **GRANTED.** Plaintiffs also ask for an award of $5,070.00 reflecting attorney's fees incurred in connection with the most recent contempt motion. That amount is warranted and reasonable and plaintiffs are **GRANTED** judgment for that amount.

Plaintiffs also ask that defendant Tad Sandberg be ordered to serve the 10-day prison term contemplated by the prior agreed orders. At the contempt hearing, plaintiffs' counsel characterized this term of

---

[2]Among the payees were the Internal Revenue Service and various local governments. There is no indication, however, that the payments related to payroll withholding taxes.

the prior agreed contempt orders as constituting a civil contempt. *Transcript* at p.11. However, a sanction for a civil contempt is remedial and is intended to accrue to the benefit of the complainant. *Gompers v. Buck Stove & Range Co.,* 221 U.S. 418, 441 (1911). "Broadly, the purpose of civil contempt is to coerce an individual to perform an act or to compensate an injured complainant." *United States v. Bayshore Associates, Inc.,* 934 F.2d 1391, 1400 (6th Cir. 1991)(citing *United States v. Mine Workers,* 330 U.S. 258, 303-04 (1947); *Gompers,* 221 U.S. at 441). Civil contempt proceedings are between the original parties, and are instituted and tried as part of a main cause. By contrast, the purpose of criminal contempt is to punish the contemnor and to "vindicate the authority of the court." *Gompers,* at 441. Proceedings for criminal contempt are between the public, through appropriate prosecuting authorities, and the defendant; they are not part of the original cause. *Id.,* at 444-45. While imprisonment may be an appropriate sanction for either civil or criminal contempt, it is properly associated with civil contempt only if it is remedial in nature, *i.e.,* only if "'the defendant stands committed and unless and until he performs the affirmative act required by the court's order[.]' The sanction] is punitive 'if the sentence is limited to imprisonment for a definite period.'" *Hicks on Behalf of Feiock v. Feiock,* 485 U.S. 624, 632 (1988) (quoting *Gompers,* at 442). Thus, in a civil context, incarceration as a sanction for contempt must be conditional, "that is, once the defendant performs the act required by the court, he must be released." *Bayshore Associates,* 934 F.2d at 1400. "If the contemnor is imprisoned for a definite period ... the contempt proceeding is, by definition, criminal." *Roe v. Operation Rescue,* 919 F.2d 857, 869 (3rd Cir. 1990). "The distinction

7

between refusing to do an act commanded (remedied by imprisonment until the party performs the required act), and doing an act forbidden (punished by imprisonment for a definite term), is sound in principle, and generally, if not universally, affords a test by which to determine the character of the punishment." *Gompers,* at 443. Even a fine, if definite rather than conditional, is criminal rather than civil in nature. *International Union, United Mine Workers of America v. Bagwell,* 512 U.S. 821 (1994).

The 10-day term of imprisonment contemplated by the earlier agreed orders of contempt, while perhaps intended to persuade defendant Tad Sandberg to comply with the orders of the Court, are at this juncture entirely punitive and will not serve to remedy his past failures to comply with the orders of the Court. The Court therefore declines to impose that remedy.

Accordingly, the plaintiffs are **AWARDED JUDGMENT** in the amount of $14,336.46.


September 29, 2008                             *s/Norah McCann King*
                                                Norah M<sup>c</sup>Cann King
                                         United States Magistrate Judge

8